IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASBIR BHATIA SINGH,<br><br>Plaintiff,<br><br>vs.<br><br>SALT LAKE CITY JUSTICE COURT,<br><br>Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:05-CV-878 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Jasbir Bhatia Singh filed suit against the Salt Lake City Justice Court under 42 U.S.C. §§ 1983 and 1985, and Title III of the Americans with Disabilities Act (ADA). The case was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).

Singh is proceeding without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[1] Because Singh is proceeding pro se, the court construes his complaint liberally.[2] However, "[t]he broad reading of [his] complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based.[3] Conclusory allegations without supporting facts are insufficient to state a claim upon which relief can be granted.[4] It is not proper for the court "to assume the role

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[4] *Id*.

of advocate for the pro se litigant."[5]  Therefore, the court will not supply additional facts or construct a legal theory that assumes facts that have not been pleaded.[6]

  Singh's complaint provides few facts, and it is difficult to discern what claims he is attempting to raise.  Documents attached to the complaint shed some light on his allegations.  Singh's claims apparently stem from a traffic citation for an equipment violation which he received on September 28, 2005.[7]  Singh complains about the behavior of a court clerk who allegedly refused to allow him to talk to a judge.  It is unclear when and where this incident occurred.  However, Singh's complaint was filed on October 25, 2005.  A justice court notice[8] dated October 13, 2005 shows that a pre-trial hearing was set for December 8, 2005, more than a month after Singh filed his complaint.  Thus, any incidents of which Singh complains occurred prior to any trial on the matter.  Singh also complains that court personnel were rude, and participated in a conspiracy to deprive him of his rights under the ADA.

  At the outset, it is clear that Singh has no claim under Title III of the ADA which prohibits places of public accommodation from discriminating against any individual on the basis of disability.[9]  The ADA defines places of "public accommodation" as "private entities" such as

---

[5] *Id.*

[6] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[7] Courtesy Reminder Letter, dated 10/6/05, attached to the complaint.

[8] See notice attached to complaint.

[9] 42 U.S.C. § 12182(a).

hotels, restaurants, bars, movie theaters, stores, and similar establishments.[10]  The definition of a "private entity" specifically excludes any public entity.[11]  The Salt Lake City Justice Court is not a private entity, but rather part of the state judicial system.  Therefore, it is not subject to suit under Title III of the ADA.

Further, as a subdivision of the state, the Salt Lake City Justice Court has Eleventh Amendment immunity from suit under Sections 1983 and 1985.[12]  Although Singh's complaint does not specify what type of relief he seeks, the Eleventh Amendment bar applies regardless of the nature of the relief sought.[13]

---

[10] 42 U.S.C. § 12181(7); *Crowder v. Kitagawa*, 842 F. Supp. 1257, 1267 (D. Haw. 1994), *rev'd on other grounds*, 81 F.3d 1480 (9th Cir. 1996).

[11] 42 U.S.C. § 12181(6); *Crowder*, 842 F. Supp. at 1267.

[12] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995).

[13] *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100; *Johns*, 57 F.3d at 1552.

## RECOMMENDATION

Singh's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

January 26, 2006.

                                            BY THE COURT:

                                              s/David Nuffer
                                          David Nuffer
                                          U.S. Magistrate Judge